IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 CR 978 |
| | ) | |
| vs. | ) | Judge Amy J. St. Eve |
| | ) | |
| MOUSA MOHAMMED MARZOOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**APPENDIX**

Appendix A:  Defendant's Motion for Discovery, filed 4-18-05

Appendix B:  Defendant's Memorandum of Law in Support of His Motion for Discovery, filed 4-18-05

Appendix C:  Defendant's Reply Memorandum in Support of His Motion for Discovery, filed 5-17-05

Appendix D:  Defendant's Motion for Supplemental Discovery, filed 7-19-05

Appendix E:  Government's Letter of 10-7-05

Appendix F:  Defense Counsel Discovery Letter of 10-17-05

Appendix G:  Defense Counsel Discovery Letter of 10-27-05

Appendix H:  Defense Counsel Discovery Letter of 11-4-05

Appendix I:  Defense Counsel Discovery Letter of 11-7-05

Appendix J:  Government's Letter of 11-17-05

Appendix K:  Defense Counsel Discovery Letter of 11-17-05

Appendix L: Testimony Before the Military Tribunal in Israel

Appendix M: Telegram of 5-11-93 to Secretary of State from American Embassy in Tel Aviv (Government Bates Stamp Nos. 09570-09572)

Appendix N: Letter of 1-17-96 from Kathleen A. Riley to "The File" (Government Bates Stamp No. 09421)

Appendix O: Telegram of 3-5-93 to Secretary of State from American Consulate in Jerusalem (Government Bates Stamp No. 09525)

Appendix P: Telegram of 3-31-93 to Secretary of State from American Embassy in Tel Aviv (Government Bates Stamp Nos. 09644-09645)

Dated: December 12, 2005

Respectfully submitted,


/s/_____
Michael E. Deutsch
Erica Thompson
People's Law Office
1180 N. Milwaukee Avenue
3rd Floor
Chicago, IL 60622
773-235-0070


_____
Robert Bloom
3355 Richmond Boulevard
Oakland, CA 94611

Attorneys for Muhammad Salah

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
)    No. 03 CR 978
)
      v. )
)    Judge Amy J. St. Eve
)
MOUSA MOHAMMED )
MARZOOK, *et al.* )
)
      Defendants. )

*RECEIVED*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*
*APR 18 2005*

## MUHAMMAD SALAH'S INITIAL MOTION FOR DISCOVERY

Now comes Muhammad Salah, through is undersigned counsel, and pursuant to Fed. R. Crim. P. 16 and 12, and this Court's "inherent power to promote the proper administration of criminal justice," and in order to protect Mr. Salah's Fifth, Sixth, and Eighth Amendment Rights and his rights under international law, and makes the following requests for discovery:[1]

(1). A list of witnesses, their grand jury testimony and other *Jencks* material.

(2). The names and present addresses of the unnamed co-conspirators (A-J) and individual "A" named in the indictment.

(3). Tangible Objects: Fed. R. Crim. P. 16(a) (2) (C)

---

[1] Pursuant to local rule 2.04, the defendant made a number of written letter requests for discovery (see attached), followed by a face to face meeting with the government on April 8, 2005. The requests contained in this motion are the items which the defense understands that government declines to produce. With the permission of the Court, Mr. Salah respectfully reserves the right to file a Supplemental Motion for Discovery as to any materials, information, or documents the prosecution has agreed to furnish, if the prosecution, for whatever reason, fails to provide such discovery.

1

a. All protocols, directives and guidelines written by the Israeli General Security Service (GSS) or other branches of the Israeli government which document the methods and practices in the relevant period which were sanctioned for use in interrogations of Palestinian security detainees by GSS agents, including but not limited to directives from the "Special Ministerial Committee on GSS Interrogations;" Part II or the Annex to the Commission of Inquiry into the Methods of Investigation Regarding Hostile Terrorist Activity (The Landau Commission Report);" the affidavit filed with the Israeli High Court dated 4/25/93 by the GSS concerning their procedures for interrogating security detainees.

b. The identity, addresses and all written documentation of all other Palestinian detainees who made confessions to the GSS in the occupied territories during the period in which physical and psychological coercion/torture was the *defacto* or *dejure* practice and policy of the State of Israel. c. The names and addresses of all police, prison guards and Palestinians (or other) collaborators who worked with the Israeli authorities in the interrogation of the defendant and all documents memorializing their involvement.

d. All communications between Israeli government agents and agents of the U.S. government concerning the arrest, search, and interrogation of the defendant in Israel. All documents created prior to 1994 which indicate a joint involvement between agents of the United States and agents of the State of Israel in the investigation and sharing of information concerning the activities of Hamas or other Palestinian resistance groups.

e. The complete administrative record of the Department of the Treasury, Office of Foreign Assets Control, which was the basis of the designation in January, 1995 of Hamas as a "Specially Designated Terrorist Organization," and the complete administrative record which

2

was the basis of the October 1997 designation by the Secretary of State of Hamas as a "foreign terrorist organization" and any subsequent records of designations.

f. The complete administrative record of the Department of Treasury (OFAC) which was the basis of the designation of Mr. Salah as a specially designated terrorist.

g. All written communications by agents and agencies of the U.S. government concerning decisions pertaining to the indictment of the defendant in the pending case including any prior communications reflecting an earlier determination not to indict and/or reflecting the determination to file the 1998 asset forfeiture case rather than a criminal indictment. This request includes any and all documentation regarding the decision of the U. S. government as to whether or not to seek an indictment in 1997 or any time thereafter, including the decision to seek an indictment in 2004.

h. All written communications between the Anti-Defamation League (ADL), lawyer Nathan Lewin esq., American-Israel Public Affairs Committee(AIPAC) or any other pro-Israel U.S. groups and the U.S. Department of Justice, pressing for or relating to the seeking of indictments against alleged funders of Palestinian resistence organizations or providing any other information concerning the bringing of charges against the defendant or his co-defendants or other Palestinians.

i. All press releases, press statements, radio and televison interviews of John Ashcroft or other Justice Department officials concerning the above-entitled indictment or related investigations.

j. All documents reflecting the U.S. governments knowledge of financial and other support by United States citizens for the illegal activities of "Kach" and "Kahane Chai" or other

3

violent Israeli groups against Palestinians in the occupied territories. All documents which reflect the government's decisions not to indict these individuals, groups or organizations who provide material support for these violent anti-Palestinian groups.

k. All documents evidencing contacts with Hamas or any persons believed to be associated with Hamas, or any of its social-welfare affiliates, with any agency of the United States government or any agency of the State of Israel. And any documents evidencing monetary and/or other support for Hamas or any of its members or associates, either by the government of Israel or the United States.

(4). Electronic and Other Surveillance:

All applications, affidavits memoranda or other papers submitted in support of applications for executive, administrative or judicial approval of surveillance of any kind, all opinions responsive or related thereto, and the recordings, logs, minimization records and all other records of physical surveillance of any kind of the defendant, his family, his co-defendants or any alleged co- conspirators, indicted or unindicted as well as any recorded conversations of the defendant which a party to the conversation allegedly consented.

(5). *Brady* Material:

a. Any document or other information which in anyway tends to exculpate the defendant, including impeachment of witnesses, or is favorable to his defense or which undermines or contradicts the prosecution's case, or which provides support for his constitutional challenges to this indictment. Included in this request, but not limited to it, is any evidence which shows that Hamas was involved in lawful activities and was supported by people who had no intent to promote violence.

4

b. The testimony or statements of any witness, either before the grand jury, or in an interview with the government, who failed to provide any inculpatory evidence against Mr. Salah, whether or not the prosecution intends to call such person as a witness at trial or at an evidentiary hearing in this case.

c. Any information provided to the government by any witness which the government intends to call at trial who provided false testimony at any point to the grand jury or any government agent or any other time, along with full disclosure of the circumstances regarding the false statement or testimony.

Dated: April 18, 2005    Respectfully submitted,

Michael E, Deutsch
People's Law Office
1180 N. Milwaukee Ave
Chicago, Ill 60622
773-235-0070

Robert Bloom
3355 Richmond Boulevard
Oakland, CA 94611

Attorneys for Muhammad Salah

5

# Attachment A

# PEOPLE'S LAW OFFICE

1180 N. Milwaukee
Chicago, Illinois 60622
(773) 235-0070
Fax (773) 235-6699
PeoplesLaw@aol.com

Michael E. Deutsch
Jeffrey H. Haas
Janine L. Hoft
Amber K. Miller
Joey L. Mogul
John L. Stainthorp
Jan Susler
G. Flint Taylor, Jr.
Erica Thompson

Mr. Joseph Ferguson
Assistant United States Attorney
219 S. Dearborn
Chicago, Ill   60604

**Hand Delivered**

April 4, 2005

**United States v. Muhammad Salah**,   No. 93 CR 978

Dear Mr. Ferguson,

     Pursuant to Fed. R. Crim. P. 12 (d) (2), 16(a) and (b), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), Title 18 U.S.C. Secs. 2510-2520 and all other applicable rules and statutes, the Fourth, Fifth and Sixth Amendments of United States Constitution and appropriate and binding international humanitarian law, we are requesting the following items of discovery from the United States Government, including but not limited to, the U.S. Attorney's Office, the FBI, the Department of Justice and all its agencies, the U.S. State Department, the National Security Agency, the U.S. Defense Department, and the Central Intelligence Agency (CIA), as well as the agencies of the Government of Israel or any other foreign government that the U.S government has co-operated with in investigating and preparing the prosecution of the above-entitled case.

     We are mindful that many documents and audio/visual tapes have been already produced, and obviously materials that have already been produced need not be reproduced. If any material that we have requested have been produced please so indicate.

     However, because of the voluminous amount of materials that you have already produced and we anticipate you will produce, we specifically request that you specify in writing what evidence you intend to introduce in your case-in-chief at the trial of the above-entitled case.

1

## I. A. Statements of the Defendant

1. A list of all the written or recorded statements made by the defendant, Mr. Salah, and his co-defendants, and copies of those statements; the substance of any statement the government intends to offer at trial and a list of those statements, including any oral statements or written summaries of oral statements contained in handwritten notes of any government agent; and any other statement discoverable under Fed. R. Crim. P. 16(a)(1)(A).

2. We request that these statements be provided in the original language in which they were written or recorded. We also request that we be provided with English translations of all the alleged statements. We also request that you inform us of the name and present address of each and every person present at the time each and every of these alleged statement were made

3. The defendant further requests that you produce the full and true name of every Israeli General Security Service (GSS) officer involved in the interrogation of the defendant, the present address of each agent and what steps you are prepared to take to insure the presence of these interrogators at any hearing or trial.

4. We also request that you provide any testimony of such agents that was given in any way in Mr. Salah's case in Israel, as well as any reports or other writings regarding the interrogation of the defendant by Israeli agents.

5. We also request all information regarding any prior allegations or complaints of coercive interrogation methods made against any of these officers to the Military Governor, the GSS (through the Prime Minister's Office or any other conduit), the Attorney General of Israel and the Ministry of Police, or to any other person or agency. We also request and the name of the prisoner, who was the victim of the allegation or complaints, along with his or her present location and case number.

6. Included in these above requests, but not limited to them, are the personnel files of the Israeli agents named below and all reports and other writings concerning the interrogation of Mr. Salah and other claims of torture or coercive interrogations by GSS agent/interrogators with the following code names:Agents Cohen, Nadav, Caim, Benny and Col. Abus Hasan.

7. We further request the true name and present address of each and every Israeli soldier, police officer or prison guard who was involved in

2

maintaining the custody of the defendant during the period he was under interrogation and gave the alleged statements, whether or not the government intends to introduce the alleged statements.

8. The names of all agents or employees of any entity of the United States Government and their present addresses who communicated with the Israeli government and its agents during the period of the defendant's interrogation. We also request the names and present addresses of any employee of the United States Government who discussed any aspect of defendant's interrogation with the Israeli agents at any time prior, during and after the interrogation of the defendant.

9. The names of all the Palestinians or other individuals and their present addresses who were prisoners or in any way posing as prisoners, who in any way collaborated with the Israeli authorities in the interrogation of the defendant.

10. We also seek all protocols, directives and guidelines written by the GSS or other branches of the Israeli government in effect in 1993 which document the methods which were sanctioned for use in interrogation by GSS agents, including but not limited to directives from the "Special Ministerial Committee on GSS Interrogations;" Part II or the annex to the "Commission of Inquiry Into the Methods of Investigation of the General Security Service Regarding Hostile Terrorist Activity" (Landau Commission Report); the affidavit filed with the Israeli High Court dated 4/25/93 by the GSS concerning their procedures for interrogating security detainees.

11. We further seek all interrogation notes, computer records and all other writings documenting the interrogation of the defendant by the GSS, including but not limited to the " interrogation logs" documenting the periods and duration of the defendant's interrogation, visitation logs and all other writings by the GSS interrogators and their superiors concerning the defendant's interrogation.

12. We also seek the names, addresses and reports of all medical personnel who examined the defendant during the period of his interrogation and a copy of any reports or other writings concerning defendant's medical condition.

13. We further seek all documents, including memorandum, E mails, telex, as well as notes of phone conversations and telephone logs., evidencing

3

communication between agents of the Israeli government and the United States, including but not limited to the FBI, CIA, DIA, NSA, Department of State concerning the arrest, interrogation and prosecution of the defendant by the Israeli government

14. We also request copies of any orders and/or any other documents by the Israeli authorities related in any way to the denial to the defendant of access to counsel or legal advisors and a copy of any Israeli law and any GSS guidelines for denying access to counsel to a suspect in detention.

15. We request the entire transcript of the defendant's pre-trial and trial proceedings in Israel, in Hebrew and English, as well as a the identity, present address and employment of any persons involved in the translation of these materials, as well as any other materials we are requesting whether they originally were in Arabic, Hebrew or English.

16. Any documentation in the possession of the GSS or other Israeli government bodies which documents the pattern and practice of GSS agents falsely testifying under oath that they did not use force and coercion in obtaining confession from detainees.

17. The reports made by the International Committee of the Red Cross (ICRC) to the Government of Israel between 1990-96 concerning the use of torture and inhumane and degrading treatment of detainees, prisoners, and security suspects by the GSS..

## B. Statements of Co-Conspirators, Indicted or Unindicted

1. Please provide us with all statements made by alleged co-conspirators, indicted or unindicted, made during the course of or in furtherance of the conspiracy alleged in the indictment. Included in this request are the names of the unindicted co-conspirators presently designated in the indictment as A, B, C, D, E, F, G and J, and their prsent adresses

2. Provide us with any statement by any person claimed by the government to be a co-conspirator made prior to the formation of the alleged conspiracy and offered to prove intent to form the conspiracy.

3. To the extent that the indictment does not already so state, please provide the defense with which co-conspirators by name performed the alleged specified acts in each paragraph of the indictment

4

## II. Disclosure of Electronic and Other Surveillance

1. We are seeking disclosure of all electronic or other surveillance, including pen registers of the defendant, his family, co-defendants, co-conspirators, indicted or unindicted, presently in the possession or known to the United States. Included in this request is the date of the communication, the manner of surveillance, the names of the surveilling agents, the persons whose conversations or movements were surveilled, the locations of the surveillance and the content and subject of each conversation and movement.

2. We request the recordings, logs, minimization records and all other records of surveillance of the defendant, co-defendant or alleged co-conspirator, indicted or unindicted.

3. We request full and complete disclosure any wire or oral communication involving the defendant, his co-defendants or indicted or unindicted co-conspirator to which a party to that conversation allegedly consented.

4. We request all applications, affidavits, memoranda or other papers submitted in support of applications for executive, administrative or judicial approval of such surveillance and all opinions responsive or related thereto.

5. We request the logs and or other documentation of the non-electrical, physical surveillance of the defendant, his family and his alleged co-conspirators, indicted or non-indicted.

6. The names of persons and their present whereabouts, who have acted or are presently acting as informants or in the past provided information to the government about the defendant, his family, co-defendants or co-conspirator. Please provide the documents memorializing the information provided by such informants and set forth each and every prior occasion on which the informant supplied information and the government's basis to conclude he is reliable. If you refuse to supply the informant's name and information supplied please provide the basis for refusing this information.

## III. Evidence Seized

1. Please provide an inventory of all evidence seized in this case as a result of any search and provide me with any warrants, if any, pursuant to which such search was made. This request includes searches and

5

items seized by agents of the United States Government or the Israeli government.

2.   Also please inform the defense whether any property, tangible or otherwise, owned by or previously possessed by the defendant, co-defendants or co-conspirators, was obtained by the government by any means other than subpoena duces tecum, and a description of the property.

3.   Further, please provide us with any documents and writings that were directly obtained from the defendant, the co-defendants or co-conspirators, the date and place where obtained, and the means by which they were obtained.

## IV.      Brady Material

The defendant requests all documents, statements, agent reports and tangible evidence favorable to the defendant on the issue of guilt and/or which effects the credibility of the government's case, including impeachment evidence.

## V.      Grand Jury Testimony/Jencks Material

1.   We request a copy of all recorded testimony of any witness before the Grand Jury who provided testimony relevant to the charges brought against Mr. Salah, his co-defendant or co-conspirators, indicted or unindicted, including, but not limited to testimony concerning defendant's knowledge of, or association with Hamas and its members or associates .

2.   We also request a copy of all recorded statements made before a Grand Jury by agents of the U.S. or Israeli governments, which related what these agents were told by others, including but not limited to the defendant, co-defendants and co-conspirators knowledge of, association with, and/ or involvement with Hamas or any of its members or associates.

3.   Please provide us with all reports, memos, notes and other written documents, generated by agents of the U.S. government and the Israeli government, including but not limited to FBI 302's, Jencks Material, (see 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2) which incorporate statements of witnesses the government intends to call at the trial of this cause, statements of co-conspirators, indicted and unindicted, and any other persons who provided information about Hamas and the defendant's alleged association with Hamas or any of its members or associates.

6

4. Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witness in exchange for testimony in this case, and any and all information that could arguably be used for the impeachment of a government witness, including, but not limited to, any specific instances of misconduct from which it can be inferred that the person is untruthful, any evidence that the person has a reputation for untruthfulness, has made statements that contradict other witnesses to be called by the government or that the witness is biased or prejudiced against the defendant.

5. The defendant requests that the government search all its law enforcement files to determine whether any of their witnesses have engaged in any wrongful or perjurious conduct or any other acts which could be used by the defense for impeachment, including whether any government witnesses is under investigation by any federal, state, local or foreign government entity.

6. The defendants request any evidence, including any medical or psychiatric report or evaluation tending to show that any prospective witnesses' ability to perceive, remember communicate or tell the truth is impaired; and any evidence that a witness has ever used narcotics or any other controlled substance, or has ever been an alcoholic.

## VI      Tangible Objects

1. Mr. Salah request s that you produce all documents and other tangible objects including photographs, books, appears, documents, diagrams, which are material to the preparation of the defense of this indictment and in the possession of the U.S. government or from the Israeli government or are intended to be used by the government in its case-in-chief at the trial or were obtained from the defendant, his co-defendants, or co-conspirators, indicted or unindicted.

2. Included in this request are all documents from 1987- 2005, pertaining to support by the U.S. government, an all its agencies, whether financial, military, law enforcement or others for the State of Israel and its military and security agencies. This information is sought so that the defendant through his attorneys can present to the Court in this case evidence in support of its claim that the government of the State of Israel and the government of the United States engaged in a "joint venture" in regard to the arrest, search, interrogation and prosecution carried out by the Israeli security forces.

3.  The complete administrative record of the Department of the Treasury, Office of Foreign Assets Control which was the basis of the designation in January, 1995 of Hamas as a "Specially Designated Terrorist Organization and the complete administrative record which was the basis of the October 1997, designation by the Secretary of State designating Hamas as a "foreign terrorist organization and any subsequent designation up and including October 2003.

4.  The complete administrative record of the Department of the Treasury (OFAC) which was the basis for designating Mr, Salah as a specially designated terrorist.

5.  Further included in these document requests are all communications between Israeli government agents and gents of the U.S. government concerning the arrest, search, interrogation, prosecution and imprisonment of the defendant in Israel.

6.  In addition, Mr. Salah seeks copies of all written communication between agents of the government of Israel and the United States between 1987-2005, concerning Hamas, or any other Palestinian resistence to occupation organization, including but not limited to documents evidencing monetary and other support for Hamas or any of its members or associates, or any other Palestinian resistence to occupation organization, either by the government of Israel or the United States.

7.  We further seek all written communications between the Anti-Defamation League (ADL), Nathan Lewin esq., American-Israel Public Affairs Committee(AIPAC) or any other pro-Israel U.S. groups and the U.S. Department of Justice, pressing for indictments against alleged funders of Palestinian resistence to occupation organizations or providing an other information concerning the bringing of charges against the defendant or his co-defendants or other Palestinians.

8.  We also request copies of all press releases, press statement, radio and televison interviews of John Ashcroft or other Justice Department officials concerning the above-entitled indictment or related investigations.

9.  We seek, in addition, all written communications by agents and agencies of the U.S. government concerning decisions pertaining to the indictment of the defendant in the pending case including any prior communications reflecting an earlier determination not to indict and/or reflecting the determination to file the 1998 asset forfeiture case rather than a criminal indictment. This request includes andy and all documentation regarding the decision of the U. S. government, beginning in January, 1993, as to

8

whether or not to seek an indictment in 1997 or any time thereafter, including up to the time to indict in 2004.

10   All documentation regarding whether any other individuals, including U.S. citizens had dealings with Hamas and should or should not be charged with crimes. This request seeks this information for all time periods covered in the indictment, 1987-2004.

11.   Defendant requests that the government inform him whether it will offer any charts of summaries in evidence, and if so, provide us with copies thereof.

## VII   Scientific Tests

1.   Any results or reports of physical or mental or medical examinations, scientific tests or experiments, which are in the possession, custody or control of the U.S. government or the government of Israel which are material to the preparation of the defense and the name and present address of the person making such report or conducting such test, including but not limited to the following:

> A. All handwriting exemplars, handwriting samples and opinions of handwriting experts which are material to the defense.

> B. All fingerprint and palmprint exemplars, samples comparisons and opinions of fingerprint experts which are material to the defense.

> C. All attempts at voice identification by whatever means, upon which the government will rely, or which fail to identify the defendant and are exculpatory to the defense.

> D. All evidence, including interview reports and notes, which document any person, involved in this case who underwent any polygraph examination, psychological stress evaluation or any other scientific procedure to determine if such person is telling the truth.

> E. The process, input or output of any computer system operated by the government or anyone on the government's behalf, in regard to the allegations in the instant indictment. The defendant seeks the results and programs of computer analysis, including the data base and all software utilized.

9

VIII        **404(B)**

      The defendant requests that pursuant to Fed. R. Evid. 404 (b), that the government disclose all evidence of similar crimes, wrongs or acts, allegedly committed by the defendant, co-defendants, or co-conspirators and persons having relevant knowledge of said acts upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident.

IX        **Expert Witnesses**

      Pursuant to Fed. R. Crim. P. 16 (a)(1)(E), the defendant requests disclosure of the identities, qualifications, opinions, a list of prior cases and prior testimony of any expert witness the government intends to call at trial.

X.        **Other Requests**

1.      Defendant requests the government disclose whether it intends to rely upon any overt acts in addition to those pled in the indictment and if so, to provide the defense with the specifics of those additional acts.

2.      Defendant requests that pursuant to Rule 608 (d) Fed. R. Crim. Pro. that the government disclose whether, should the defendant tetify, the government will attempt to rely upon specific instances of prior conduct for the purposes of impeachment and if so, provide the details of that prior conduct.

3.      Defendant request that the government provide to the defense a copy of the protocols and operating rules of every agency that participated in the investigation of this case insofar as those rules or guidelines provide for the procedures and proper conduct for investigations.

The Court indicated that we should have a face to face meeting concerning the above enumerated requests. As I mentioned to you on the phone, I would like to meet with on Friday, April 8, 2005, in the afternoon, if possible. My co-counsel will be in town and this would be convenient for us. Let's talk tomorrow to arrange a mutually convenient time.

Sincerely yours,

Michael E. Deutsch
One of the Attorneys for Muhammad Salah

11