IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | No. 03 CR 978 |
| ) | |
| vs. ) | Judge Amy J. St. Eve |
| ) | |
| **MOUSA MOHAMMED MARZOOK,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SALAH'S MOTION TO BAR THE GOVERNMENT
FROM PRESENTING TESTIMONY OR OTHER EVIDENCE THAT
HIS ALLEGED STATEMENTS WERE CORROBORATED OR RELIABLE**

Now comes the defendant, Muhammad Salah, by and through his attorneys and moves this Court to bar the government at the upcoming suppression hearing from presenting testimony or other evidence that Mr. Salah's alleged statements were corroborated or reliable, including a bar to government cross-examination regarding corroboration or reliability.[1] In support, Mr. Salah states as follows:

1. Mr. Salah filed a motion to suppress his statements on the basis that his statements were coerced by Israeli agents and not the product of his free will.[2] In its Response to Mr.

---

[1] Mr. Salah also requests that the government be barred from submitting as an exhibit in the suppression hearing the English translations of Mr. Salah's alleged statements as their content is also irrelevant to the issues to be decided at the hearing.

[2] Mr. Salah asserts that his statements should additionally be suppressed because the statements were obtained pursuant to torture in violation of international law, because they were obtained in violation of his Sixth Amendment rights, because they were obtained by methods that

1

Salah's motion to suppress statements and other evidence, the government conceded that Mr. Salah was entitled to a hearing on his motion. The suppression hearing is set to commence with opening statements on March 3, 2006.

2. The parties are in agreement that the threshold issue to be determined by this Court is whether the statements were coerced in violation of the Fifth Amendment. The government bears the burden of proving that a defendant's statement was made voluntarily. *See Lego v. Twomey*, 404 U.S. 477, 489 (1972); *see also United States v. Gillespie*, 974 F.2d 796, 799-800 (7th Cir. 1992).

3. In determining whether or not the government has met its burden of proof, the trial court must examine the totality of the circumstances, including both the characteristics of the accused and the details of the interrogation. *See Gallegos v. Colorado*, 370 U.S. 49, 55 (1962). In *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973), the Court set forth a number of factors to be examined in determining whether or not a confession was coerced, including (1) the defendant's age, education, intelligence level, and mental state; (2) the length of the detention; (3) the nature of the interrogations; (4) the inclusion of advice about constitutional rights; (5) and the use of physical punishment, including deprivation of food or sleep." *Accord United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001).

4. Whether or not the statements are "reliable" or "corroborated" is irrelevant to the issue of coercion at the suppression hearing. As the United States Supreme Court stated in *Lego v. Twomey*:

---

"shock the judicial conscience" and that were the product of a "joint venture," and because the government cannot meet its burden of proving that the statements were an act of free will sufficiently purged of illegal taint.

2

> We noted that coerced confessions are forbidden in part because of their "probable unreliability." *Jackson v. Denno*, 378 U.S. [368] at 385-386 [1964]. However, it had been settled when this Court decided Jackson that the exclusion of unreliable confessions is not the purpose that a voluntariness hearing is designed to serve. *Rogers v. Richmond*, 365 U.S. 534 (1961). The sole issue in such a hearing is whether a confession was coerced. Whether it be true or false is irrelevant; indeed, such an inquiry is forbidden. The judge may not take into consideration evidence that would indicate that the confession, though compelled, is reliable, even highly so. *Id.* at 545. As difficult as such tasks may be to accomplish, the judge is also duty-bound to ignore implications of reliability in facts relevant to coercion and to shut from his mind any internal evidence of authenticity that a confession itself may bear.

*Lego*, 404 U.S. at 485 n.12 (citation information added).

WHEREFORE Mr. Salah respectfully requests that this Court issue an order barring the government from presenting any evidence that his statements were corroborated or reliable.

Dated: February 16, 2006

                                                  Respectfully submitted,

                                                  "s/"_____

                                                  MICHAEL E. DEUTSCH
                                                  ERICA THOMPSON
                                                  People's Law Office
                                                  1180 N. Milwaukee Avenue
                                                  3rd Floor
                                                  Chicago, Illinois 60622
                                                  (773)235-0070

                                                  ROBERT BLOOM
                                                  3355 Richmond Boulevard
                                                  Oakland, California 94611