# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 978 - 2 | **DATE** | 3/2/2006 |
| **CASE TITLE** | USA vs. Muhammad Salah | | |

**DOCKET ENTRY TEXT**

Defendant's motion to bar the government from presenting testimony or other evidence that his alleged statements were corroborated or reliable is granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Defendant Muhammad Salah asks the Court to bar the government from presenting evidence that the oral and written statements that Defendant allegedly made to Israeli authorities in 1993 were corroborated or reliable at the upcoming suppression hearing. Defendant relies on *Lego v. Twomey*, 404 U.S. 477, 92 S. Ct. 619, 30 L. Ed. 2d 618 (1972) for the proposition that "[t]he sole issue in [a voluntariness] hearing is whether a confession was coerced. Whether it be true or false is irrelevant; indeed, such an inquiry is forbidden." 404 U.S. at 485 n.12, 92 S. Ct. at 624. The Supreme Court has made clear that district courts should determine the voluntariness of a statement "with complete disregard of whether or not petitioner in fact spoke the truth." *Rogers v. Richmond*, 365 U.S. 534, 544, 81 S. Ct. 735, 741, 5 L. Ed. 2d 760 (1961). Accordingly, the Court agrees that the government may not present any "corroborating" evidence for the purpose of establishing whether Defendant's alleged statements were true or false. The government, however, may present "corroborating" evidence to the extent that it bears directly on the issues of coercion, voluntariness and whether Defendant's will was overborne. In setting forth this ruling, the Court does not concede that the examples the government includes in its response fall within this category of permissible evidence. Furthermore, the government may not rely on evidence it possessed, yet failed to produce to Defendant.

     Additionally, Defendant requests that the Court bar the government from submitting as an exhibit in the suppression hearing the English translations of Defendant's alleged statements. As an initial matter, "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." *United States v. Matlock*, 415 U.S. 164, 172-73, 94 S. Ct. 988, 994, 39 L. Ed. 2d 242 (1974) (citations omitted). Furthermore, as Defendant acknowledges, to determine if Defendant's will was overborne, the Court will assess "the totality of all the surrounding circumstances-both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S. Ct. 2041, 2047, 36 L. Ed. 2d 854 (1973). The Seventh Circuit has explained that the totality of the circumstances "[b]y definition . . . includes the confession itself." *United*

**STATEMENT**

*States v. Watson*, 87 F.3d 927, 930-31 (7th Cir. 1996) ("The district court erred in prohibiting the government from using [the defendant's] confession as a prior inconsistent statement.").[1]  Therefore, the Court denies Defendant's request to bar the government from introducing the English translations.[2]

    For these reasons, Defendant's motion is granted in part and denied in part.

---

1. On reply, Defendant asserts that *Watson* is distinguishable because the case involved a failure to administer *Miranda* warnings.  The Court disagrees.  It does reiterate, however, that the government may not introduce the English translations for the purpose of establishing whether Defendant's alleged statements were true or false.

2. Although Defendant does not contest the accuracy of the translations in his motion, the Court notes that their accuracy is subject to cross examination.