**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **No. 03 CR 978** |
| **v.** | ) | |
| | ) | **Judge Amy J. St. Eve** |
| | ) | |
| **MOUSA MOHAMMED** | ) | |
| **MARZOOK,** *et al.,* | ) | |
| | ) | |
| **Defendants .** | ) | |

**STATEMENT OF SPECIFIC PREJUDICE RESULTING FROM DELAY IN BRINGING**
**INDICTMENT AGAINST MUHAMMAD SALAH**

This Court has directed Mr. Salah by his undersigned counsel to provide evidence of the

specific the prejudice resulting from the extraordinary and unjustified delay in indicting Mr.

Salah.  In presenting this statement of prejudice Mr. Salah reiterates the undisputed factual

context presented here:  1) The evidence which serves as the primary and overwhelming basis

for Count I was known and available to the U.S. government by April of 1993; and 2) the

evidence which forms the basis for Count II was known and available to the U.S. government by

October of 1999.  Nonetheless Mr. Salah was not indicted on the basis of this evidence until

July of 2004.[1]   The prejudice caused by the delay must also be evaluated in light of the fact that

all the witnesses in question reside in foreign lands which are under a brutal foreign military

occupation which makes travel and locating people incredibly difficult, if not impossible

---

[1] In addition the evidence as to Count III was known and available to the prosecution by
April 2001.

1

In light of this unprecedented and presumptively prejudicial delay Mr. Salah states the following:

I.   As to Count I, critical witnesses who are alleged to be co-conspirators and are alleged to have met with Mr. Salah in 1992 and January of 1993 have died, are unreachable or can not be located. Specifically the following witnesses can not be interviewed and called as possible defense witnesses because of this prolonged passage of time.

A.   **Adel Ahmed Awadallah**, who is alleged to be a key unindicted co-conspirator, a high ranking Hamas military leader who is alleged to have met with Mr. Salah on several occasions in 1992 and 1993. Mr. Awadallah was killed by the Israeli military on September 9, 1998. An indictment returned in a reasonable time after the allegations involving Mr. Awadallah and Mr. Salah, even upon Mr. Salah's return to the United States in 1997, would have allowed counsel for Mr. Salah to interview Mr. Awadallah and learn from him the specific nature of his communications with Mr. Salah. It is believed that Mr. Awadallah had information that would have been helpful to Mr. Salah's defense as to Mr. Salah's knowledge or lack thereof of the role of Mr. Awadallah in military activity.

B.   **Abdel Aziz Al-Rantisi** is an unindicted co-conspirator who is alleged in the indictment to be a high ranking member of Hamas and was its political leader in the Occupied Territories. Mr. Al-Rantisi was

assassinated by an Israeli military air strike in April of 2004, several months before the return of the instant indictment naming him as a co-conspirator. The brutal murder of Mr. Rantisi obviously eliminated any opportunity for the defense to interview him and to present him as a possible witness. The delay in returning this indictment resulted in the permanent loss of Mr. Rantisi's evidence.

C.    **Sheikh Ahmed Yassin** the spiritual leader of Hamas at the time of the allegations of the indictment was assassinated by an Israeli helicopter gun ship in March of 2004, several months before the return of this indictment. The brutal murder of Sheikh Yassin, a paraplegic and political leader of the alleged "enterprise" under indictment, obviously eliminated any opportunity for the defense to interview him and to present him as a possible witness. The delay in returning this indictment resulted in the permanent loss of Sheik Yasssin's evidence.

D.    **Mousa Mohammad Abu Marzook**, is an indicted key co-conspirator who is alleged to have provided the money and directives to Mr. Salah prior to his 1992-1993 trips. Mr. Marzook was in the custody of the U.S. government between 1995-1998, at a time in which the government was aware of the allegations involving Mr. Salah and Mr. Marzook. Rather than indict either or both prior to 1998, the U.S. government, despite its knowledge of the alleged role of Mr. Marzook in the charged conspiracy, released him and allowed him to be deported to Jordan. Subsequent to his

3

release to Jordan, Mr. Marzook left Jordan and allegedly now resides in Syria. As a result of the U.S. travel restrictions to Syria and the impossibility of any telephonic interviews, Mr. Marzook is now unavailable to be interviewed and possibly testify in Mr. Salah's defense.[2] The knowledge that Mr. Marzook has as to Mr. Salah is unavailable to Mr. Salah's defense. It is believed that Mr. Marzook has evidence that would be exculpatory and helpful to Mr. Salah's defense.

E.    **Abu Sai'b (named in the indictment as Abu Saeb, a/k/a Abu Saab)** is an unindicted co-conspirator who is alleged to have met with Mr. Salah in Gaza. Because of the passage of time and the continuing Israeli military assaults in Gaza, Mr. Salah's defense has been unable to locate Mr. Sai'b. Mr. Salah has made efforts through Gaza contacts to find Mr. Sai'b, without success. It is believed that Mr. Sai'b will have information helpful to Mr. Salah's defense.

D.    **Bassam Mussa (a/k/a Abu Majahad)** is alleged to have met with Mr. Salah in Gaza, to have received money from Mr. Salah and that Mr. Salah agreed to carry messages from Mr. Mussa to Hamas members abroad (See Govt. Proffer at 27). He also is alleged to have assisted Mr. Salah in meeting with Abu Sai'd. Mr. Salah has been unable to locate Mr. Mussa due to the passage of time and the now chaotic situation in Gaza. Mr.

---

[2] Also named in the indictment as an unindicted co-conspirator is Khalid Mish'al the political leader of Hamas. Mr. Mish'al also resides in Syria and is unavailable to be interviewed.

4

Mussa is believed to have information favorable to Mr. Salah's defense.

E. **Waeel Banat (a/k/a Abu Ali)**, is alleged to have met with Mr. Salah in Gaza and provided information to the Israeli GSS concerning Mr. Salah in 1/31/93. Mr. Salah has be unable to locate Mr. Abu Ali due to the passage of time and the now chaotic situation in Gaza. Mr. Abu Ali is believed to have information favorable to Mr. Salah's defense.

F. **Marwan Hawajah** is alleged to have been the person who arranged the meeting between Mr. Awadallah and Mr. Salah in the West Bank. We believe that Mr. Hawajah has information helpful to Mr. Salah's defense and although we have investigative assistance in the West Bank as of yet because of the passage of time and the difficulty traveling around Israeli check points we have not located Mr. Hawajah.

G. **Co-Conspirators C and D, believed to be Sharif Alwan and Rizek Salah Rizek**, are unindicted co-conspirators alleged to have been recruited and trained by Mr. Salah in 1990. Despite having this information as early as 1993, the U.S. government did nothing to notify Mr.Salah that allegations of their involvement with him would be the subject of criminal charges until returning this indictment in 2004. After imprisoning Mr. Alwan for refusing to testify in a grand jury the U.S. government deported Mr. Alwan to the West Bank in 2002, where we have not yet been able to locate him. Similarly, the U.S. government deported Mr. Rizek to Jordan in 2001, where his whereabouts are not

5

known. An indictment brought within a reasonable time after the U.S. government was made aware of these allegations involving Mr. Alwan and Mr. Rizek would have allowed Mr. Salah to have interviewed these witnesses and upon information and belief they would have supplied information to rebut the claims of the government.

H. **Nasar Himdi** is alleged to have been trained by Mr. Salah in 1990. Mr. Himdi provided information to the Israeli authorities of his alleged involvement with Mr. Salah in March of 1993. This information was shared with agents of the U.S. government. Despite knowledge of Mr. Hidmi's allegations, Mr. Salah was never confronted with these claims until after his indictment in 2004. Due the passage of time and the difficulties in communication and travel in the Occupied Territories, Mr. Salah through counsel has been unable to locate Mr. Himdi.

I. **Saleh Al-Arouri** is an unindicted co-conspirator who is alleged in the indictment to have received monies from Mr. Salah. Mr. Al-Arouri presently resides in an Israeli prison which is inaccessible to the defense. The prosecutors, Mr. Schar and Mr. Ferguson, were given access to this prison as part of their working cooperative relationship with the Israeli government, but a similar courtesy has not been granted by the Israelis to the defense.

J. As of yet the defense has not been provided with the full names of the alleged Hamas leaders individual "A" met with during his October 1999

6

trip to the West Bank, which the indictment claims was to provide material support to Hamas. The failure to provide these full names and the specific places that the meetings were said to have taken place added to the passage of time and the difficulties of travel in the Occupied Territories, makes it all but impossible to investigate the veracity of individual "A's" allegations. If this information had been provided to the defense in a reasonable time after the alleged trip, the defense would have had a greater possibility to find and interview these potential defense witnesses.

II. The passage of time has also limited the ability of Mr. Salah to recall some of the important details of his trips to the Middle East in 1992-1993, including the specific names of people that he met with and the places that he visited. The passage of time combined with the harsh treatment and sensory deprivation that he experienced under prolonged interrogation by the Israeli Shin Bet has further exacerbated his inability to recall specific facts of his trip.

III. The passage of time has also resulted in a much more prejudicial climate to defend against accusations of conspiring with Hamas. In the years after his 1992-93 trip up until 1997, Hamas was not designated as a terrorist organization. Even after the designation of Hamas, in a pre-9/11 world an indictment for the funding of Hamas, or even conspiring with Hamas, an organization that confined its activities to the Occupied territories and Israel, would not have been saddled with the overwhelming prejudicial baggage that the fear of terrorism and the horrors

of 9/11 bring. By the unconscionable delay in bringing this indictment the prosecution has severely prejudiced Mr. Salah's right to receive a fair trial and has forced Mr. Salah to stand trial in an entirely different political climate than he would have prior to 9/11.

This Court must not ignore the reality of the insurmountable difficulties of having to investigate and prepare a defense to allegations which take place in foreign lands in most cases over a decade after they are alleged to have occurred. To make matters worse these territories are occupied by a brutal foreign army that carries out targeted assassinations, collective punishments and is controlled by military checkpoints which makes travel from one town to another all but impossible. In light of this reality, to have delayed bringing this indictment for over a decade for political reasons and not legitimate law enforcement reasons demands that such indictment be dismissed.

Dated: August 30, 2006 Respectfully submitted,

s/ Michael E. Deutsch

MICHAEL E. DEUTSCH
People's Law Office
1180 N. Milwaukee Avenue
3rd Floor
Chicago, Illinois 60622
773-235-0070

ROBERT BLOOM
3355 Richmond Boulevard

8

Oakland, California 94611