**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **No. 03 CR 978** |
| **v.** | ) | |
| | ) | **Judge Amy J. St. Eve** |
| | ) | |
| **MOUSA MOHAMMED** | ) | |
| **MARZOOK,** *et al.,* | ) | |
| | ) | |
| **Defendants .** | ) | |

**MUHAMMAD SALAH'S MOTION TO STRIKE THE PROSECUTION'S PROFFER
REGARDING STATEMENTS OF ALLEGED CO-CONSPIRATORS**

Comes now Defendant Salah to respectfully ask the Court to strike and disregard the

pleading filed by the prosecution on August 18, 2006, that is described by the government as the

"GOVERNMENT'S EVIDENTIARY PROFFER SUPPORTING THE ADMISSIBILITY OF

CO-CONSPIRATOR STATEMENTS."

Simply put, the pleading does not proffer a single statement allegedly made by any

alleged co-conspirator. The pleading does not satisfy the purpose and the rationale of the

"*Santiago* proffer" that was required by this Court. The purpose of a proffer is to give the court

and the opposing parties the opportunity to litigate the various issues related to the admission of

each of the alleged co-conspirator statements the government intends to offer at trial. As to each

one, the court must determine, after hearing from all interested parties, whether the particular

1

alleged statement was made during the course of the alleged conspiracy and in furtherance of the alleged conspiracy. If there is no statement proffered, there is, of course, no way the court can make the findings it must make as to any given statement. In the instant case, the government's pleading does not proffer even one alleged statement of a co-conspirator.

As explained in *United States v. Cox*, 923 F.2d 519 (7th Cir. 1991),

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (see Fed.R.Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) *the proffered statement(s) were made during the course of and in furtherance of the conspiracy. Santiago,* 582 F.2d at 1134-35.

923 F.2d at 526 (emphasis added).

In *United States v. Rodriguez*, 975 F.2d 404 (7th Cir. 1992), the Court stated,

> The Government's first *Santiago* proffer persuaded the district court, as reflected by its initial order ruling that the coconspirator statements could be admitted against Hernandez and Gil, that it was more likely than not that a drug conspiracy existed, that Hernandez and Gil were members of the conspiracy, and that *the proffered statements were made in furtherance of the conspiracy*.

975 F.2d at 411 (emphasis added).

Indeed, in *United States v. Santiago* itself (582 F.2d 1128, 1131 (7th Cir. 1978)) the Court made clear that there are essentially two questions that the Court considers in ruling on the prosecution's proffer: (1) Does the proffer sufficiently establish the existence of a conspiracy, and (2) was the [proffered] statement made during the course of and in furtherance of the conspiracy.

The framing of the issues by the Seventh Circuit makes clear that the prosecution must

actually make a proffer of the testimony it seeks to elicit. The purpose of what has come to be known as the *Santiago* proffer is to give the court sufficient facts upon which the court can make an informed determination whether to admit particular statements of the alleged co-conspirator into evidence. By definition, if no statement is proffered, the court cannot make the determination.

As noted above, in the instant case, the prosecution does not set forth a single proffered statement for the consideration of this Court. Instead, the prosecution essentially repeats the allegations that are set forth in the indictment.

Despite the fact that the Court directed the prosecution to file the proffer months ago, the prosecution has filed what is, in effect, nothing more than a 54-page press release that attempts to criminalize the heroic struggle of a brutally oppressed People for liberation from an occupation that has been condemned countless times by the United Nations and by the international community in general.

What the prosecution has not filed is a proffer as contemplated by *Santiago, Cox, Rodriguez,* and the numerous other Seventh Circuit cases that have addressed this matter.

### CONCLUSION

The prosecution was informed many weeks ago that it was required to file a proper proffer by August 18, 2006 to support its anticipated offer at the trial of alleged statements of alleged co-conspirators. By failing to comply with the Court's directive, the prosecution has defaulted.

The attorneys for the government in the instant case are experienced prosecutors and they must be held to the same standards as any other attorneys. Time after time, the federal courts

have held defense attorneys to strict compliance with deadlines. The decisions of the various trial

and appellate courts are replete with findings of procedural default, often with devastating

consequences for the clients of attorneys who have failed to meet deadlines. Indeed, in one

infamous case, *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court

found that it was acceptable in a capital case to execute a prisoner because his attorney had been

late by one day in filing a particular document.

The prosecution has failed to adequately comply with this Court's order. The purported

"proffer" must be stricken and disregarded by the Court because, simply stated, it is not a proffer

of co-conspirator statements the government intends to introduce at trial. The prosecution has, by

its failure to comply with the Court's directive, waived its opportunity to elicit any alleged

statements of any alleged co-conspirators.


Dated: August 31, 2006                          Respectfully submitted,

                                                ROBERT BLOOM
                                                3355 Richmond Boulevard
                                                Oakland, California 94611

                                                /s/ Michael E. Deutsch
                                                MICHAEL E. DEUTSCH
                                                People's Law Office
                                                1180 N. Milwaukee Avenue
                                                3rd Floor
                                                Chicago, Illinois 60622
                                                773-235-0070