```
 1                 IN THE UNITED STATES DISTRICT COURT
                      николаев NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3
     UNITED STATES OF AMERICA,           ) Docket No. 03 CR 978
 4                                       )
                     Plaintiff,          )
 5                                       )
            vs.                          )
 6                                       )
     MUHAMMAD HAMID KHALIL SALAH AND     )
 7   ABDELHALEEM HASAN ABDELRAZIQ ASHQAR,) Chicago, Illinois
                                         ) January 10, 2007
 8                   Defendants.         ) 9:13 o'clock a.m.

 9                    EXCERPT OF TRIAL PROCEEDINGS
           BEFORE THE HONORABLE AMY J. ST. EVE, AND A JURY
10
     APPEARANCES:
11
     For the Plaintiff:          HON. PATRICK J. FITZGERALD
12                               United States Attorney
                                 BY:  MR. JOSEPH M. FERGUSON
13                                    MR. REID J. SCHAR
                                      MS. CARRIE E. HAMILTON
14                               219 S. Dearborn St., Suite 500
                                 Chicago, Illinois  60604
15

16   For Deft. Salah:            PEOPLE'S LAW OFFICES
                                 BY:  MR. MICHAEL EDWARD DEUTSCH
17                                    MS. ERICA THOMPSON
                                      MR. BENJAMIN ELSON
18                               1180 North Milwaukee Avenue
                                 Chicago, Illinois  60622
19

20   For Deft. Ashqar:           MR. KEITH ALLAN SPIELFOGEL
                                 20 North Clark Street, Suite 1200
21                               Chicago, Illinois  60602

22                               MR. WILLIAM MOFFITT
                                 11582 Greenwich Point Road
23                               Reston, Virginia  20194

24   Also Present:               S/A BRADLEY BENAVIDES, FBI
                                 S/A JILL PETORELLI, FBI
25
```

```
 1  APPEARANCES (Cont'd):

 2
    Court Reporter:              MR. JOSEPH RICKHOFF
 3                               Official Court Reporter
                                 219 S. Dearborn St., Suite 1232
 4                               Chicago, Illinois  60604
                                 (312) 435-5562
 5

 6            *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

 7                      PROCEEDINGS RECORDED BY
                         MECHANICAL STENOGRAPHY
 8                   TRANSCRIPT PRODUCED BY COMPUTER

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (Proceedings heard in open court:)
2           THE CLERK:  03 CR 978, USA vs. Muhammad Salah and
3  Abdelhaleem Ashqar.  Jury trial continues.
4           THE COURT:  Good morning.
5           MR. SCHAR:  Good morning, Judge.
6           THE COURT:  We're still a couple of jurors short.
7           I handed to you this morning revised theory of
8  defense instructions.  I took yours and tried to comply them
9  with Seventh Circuit law.
10          Do you have any comments, Mr. Spielfogel?
11          MR. SPIELFOGEL:  Yes, Judge.
12          Judge, on the -- in the last paragraph, where you
13 talk about Count Four, it appears that you've limited it to
14 the fear of immediate bodily harm, which is, I believe,
15 correct as to the criminal contempt.
16          But on the issue of the 1503, the impeding the due
17 administration of justice, I don't think it should be limited
18 to just the bodily harm.  In other words, there can be several
19 purposes that the jury could find for why he didn't testify,
20 and they could say that it was because of his religious
21 beliefs, his political beliefs, and that would mean that he
22 wasn't doing it for the purpose of impeding the due
23 administration of justice.
24          THE COURT:  But that's argument.
25          MR. SPIELFOGEL:  Well, but this --

1        THE COURT:  Maybe we need to change this and not make
2   it so limiting to give you room to argue.
3        MR. SPIELFOGEL:  Right.
4        THE COURT:  Mr. Schar?
5        MR. SCHAR:  I agree, it is.  And this, to me, falls
6   into the issue of whether they want that part in the
7   instruction or not.
8        THE COURT:  Right.
9        MR. SCHAR:  They don't need to have it.  They can
10  take out words as to Count Four and argue it more generally;
11  but you also have the last sentence, which says, "The failure
12  to testify was not for the purpose of impeding the due
13  administration of justice," which leaves it more open.
14       THE COURT:  And maybe, Mr. Spielfogel, that's the way
15  to do it is rather than picking up the coercion language on
16  Count Four --
17       MR. SPIELFOGEL:  Eliminate that.
18       THE COURT:  -- is to eliminate and have it read, "It
19  is Dr. Ashqar's defense to Count Four that his failure to
20  testify in the grand jury was not for the purpose of impeding
21  the due administration of justice."
22       MR. SPIELFOGEL:  That's fine, Judge.
23       THE COURT:  Okay.  I will make that change.
24       MR. SPIELFOGEL:  Okay.
25       THE COURT:  Any other changes?

1      MR. SPIELFOGEL:  No, that's it, Judge.
2      THE COURT:  Okay.
3      MR. SCHAR:  Judge, on the jury instructions, in
4  relation to coercion, I think it's referenced in relation to
5  contempt right now.  I think you have the final copy.
6      THE COURT:  I do.  Hold on.
7      MR. SCHAR:  And maybe -- so we don't run into an
8  issue when we start reading them to the jury -- I don't have a
9  copy.
10     THE COURT:  Hold on.  I'll pull it up.
11     Got a lot of stuff in this file.
12     Okay.  I am looking at Government Instruction 77, and
13 it does read -- this is the only coercion -- "If the defendant
14 engaged in the criminal contempt only because he reasonably
15 feared immediate serious bodily injury, then he is not guilty
16 because he was coerced."
17     So, you're suggesting to put in if the -- if the
18 defendant engaged in the criminal contempt or obstruction of
19 justice?
20     MR. SPIELFOGEL:  Yes.
21     MR. SCHAR:  I assume --
22     MR. SPIELFOGEL:  Yes, that should be in there,
23 absolutely.
24     THE COURT:  Do you want it -- should it be in this
25 instruction or because the -- should there be a separate

1  instruction because this instruction follows the elements of
2  criminal contempt.  And I know I can move these around.  But
3  does it make sense instead of adding it to that to do a
4  separate instruction?
5          And, Mr. Deutsch, I'll throw this to you, as well,
6  since obstruction of justice is something your client is
7  charged with, as well, is to do a separate instruction if the
8  defendant engaged in obstruction of justice only because he
9  reasonably feared, and so on?
10         MR. SPIELFOGEL:  Judge, we'd ask for two
11 instructions.
12         THE COURT:  Okay.  The way these are laid out, and
13 given I think we're up to 110 pages of instructions now, it
14 might make sense for clarity purposes to do a separate
15 instruction.
16         Mr. Schar?
17         MR. SCHAR:  That's fine, Judge.
18         THE COURT:  Okay.  I will add a separate obstruction
19 of justice and coercion defense instruction, and I will make
20 the modifications to your theory of the defense.
21         MR. SPIELFOGEL:  Thank you, Judge.
22         THE COURT:  Ms. Thompson or Mr. Deutsch, on your
23 theory of defense --
24         MS. THOMPSON:  Yes, Judge.
25         THE COURT:  -- instruction as revised.

1           MS. THOMPSON:  Well, one concern we have is with
2    regard to the new one, the last paragraph, with regard to the
3    interrogatory answers?
4           THE COURT:  Yes.
5           MS. THOMPSON:  I notice that all of the language
6    about being -- the acts being in furtherance of the charged
7    conspiracy or that they operated to aid and abet the charged
8    conspiracy has come out.
9           THE COURT:  That's argument.  You are free --
10          MS. THOMPSON:  Okay.
11          THE COURT:  -- to argue that.  I have tried to,
12   again, make it a theory of the defense consistent with Seventh
13   Circuit law, like U.S. vs. Scott that I cited to you
14   yesterday.  Because the obstruction is charged both as a
15   racketeering act and a separate charge, you are free to argue
16   this with respect to both.  And if you want me -- I put in,
17   "It is the theory of the defense as to Count Two."  If you
18   want me to add something along the lines "as to the
19   obstruction, racketeering act and Count Two."
20          MS. THOMPSON:  I think that would make sense, Judge.
21          THE COURT:  As to the obstruction, racketeering act
22   in Count One --
23          MS. THOMPSON:  Uh-huh.
24          THE COURT:  -- and as to Count Two.  I can do that.
25          MS. THOMPSON:  And with regard to the amended first

1  paragraph, we would like to be able to work in, which we had
2  in our original draft, the idea that it's protected by the
3  First Amendment of the Constitution, which obviously, if it is
4  a legal goal, it would be.
5             THE COURT:  I did not put a separate First Amendment
6  portion in for either defendant because you have the whole
7  First Amendment instruction that I've given already; and as
8  U.S. vs. Scott says, the theory of defense instruction should
9  not reflect a theory which is already part of another charge.
10 And since there's a whole instruction on First Amendment, I
11 did not reiterate it here.
12            Again, you are free to argue and in closings explain
13 that this is a theory of the defense.  You have other
14 defenses.  This is just your theory instruction.  You're free
15 to make that clear to the jury.
16            MS. THOMPSON:  Could we add at the end in the last
17 sentence of the first paragraph that begins, "It is further
18 Mr. Salah's theory that his financial transactions," could we
19 amend that to be "that his financial transactions were for
20 lawful purposes and in aid of the legal goals of the
21 Palestinian people"?  Because "lawful purposes" being the key
22 language that is mirrored throughout the instructions with
23 regard to Count One.
24            THE COURT:  Mr. Schar?
25            I think that --

1              MS. THOMPSON:  We would just like to use that
2      language which they're going to see over and over again.
3              THE COURT:  I think that's fine because --
4              MR. SCHAR:  That's fine, that's fine.
5              THE COURT:  -- that is in other instructions.
6              MR. SCHAR:  That's fine.
7              THE COURT:  I will add that.
8              MS. THOMPSON:  Other than that, I think it's fine.
9              THE COURT:  Okay.
10             Mr. Spielfogel, on your theory of the defense
11     instruction, the contempt and obstruction are also
12     racketeering acts in Count One.  You did not propose, but
13     consistent with what Ms. Thompson suggested, it seems like it
14     would make sense in your third and fourth paragraphs to have
15     "as to the racketeering act in Count One and Count Three" and
16     then the same for the last paragraph.
17             Would you like me to insert that?
18             MR. SPIELFOGEL:  I would, Judge.  Thank you.
19             MR. SCHAR:  The contempt is not a racketeering act.
20             THE COURT:  Pardon me?
21             MR. SCHAR:  The contempt is not a racketeering act,
22     only the obstruction would be.
23             THE COURT:  Okay.  So, as to the last one.
24             MR. SCHAR:  Right.
25             THE COURT:  All right.  I will add that on the last

1  one.

2          MR. SPIELFOGEL:  That's great.

3          THE COURT:  Anything else on the theory of defense
4  instructions?

5          MS. THOMPSON:  No, Judge.

6          THE COURT:  All right.  I will make those changes and
7  give you a set either today or tomorrow of the instructions in
8  the order that I plan on giving them.  I am going to work on
9  that today.

10    (End of excerpt.)

11                            CERTIFICATE

12    I certify that the foregoing is a correct excerpt from the
13  record of proceedings in the above-entitled matter.

14

15  */s/Joseph Rickhoff*                    *September 3, 2008*

16  Joseph Rickhoff                      Date
    Official Court Reporter